UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL O. RUFFIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-87-B-W |
| | ) |
| BRUCE BRANN, et al., | ) |
| | ) |
|    Defendants | ) |

**RECOMMENDED DECISION**

Daniel Ruffin has sued seven Maine Department of Corrections employees: Bruce Brann, Martin Magnusson, Jeffrey Merrill, Dwight Fowles, David George, Fremont Anderson, and R. A. Pease. The lawsuit purports to sue the seven individuals in both their official and personal capacities. Ruffin, a former resident of the Maine State Prison, now an inmate at Downeast Correctional Facility, complains that Brann acted with deliberate indifference when he placed Ruffin's name in a confidential report that served as the basis of a disciplinary action against another inmate. According to Ruffin the inclusion of his name in this confidential report resulted in a situation where he was placed in jeopardy because of the reactions of other inmates. Ruffin faults David George and Freemont Anderson for releasing the report to the general population of the prison and placing Ruffin in grave danger at the hands of other inmates. The other four defendants, Magnusson, Merrill, Fowles, and Pease are named because they had a role in the prison grievance process and did not provide Ruffin with any relief as a result of the administrative appeals. All defendants have moved to dismiss the "official capacity" claims against them, and Brann, Magnusson, Merrill, Fowles, and Pease[1] have moved to dismiss both

---

[1] The original memorandum at one point mistakenly identifies David George as having moved to dismiss the complaint for failure to state a claim. (Mot. Dismiss at 1, Doc. No. 24.) However, the entire context of the motion, the docket entry, and the last sentence of the second motion to dismiss (Renewed Mot. Dismiss at 2, Doc. No. 47)

the original complaint and the amended complaint.  I now recommend the Court grant their motion.

## Procedural History

Ruffin filed his original complaint on March 12, 2009.  Service was completed by waiver and answers were filed on May 29, 2009.  On July 29, 2009, the five defendants mentioned above moved to dismiss the complaint.  (Mot. Dismiss, Doc. No. 24.)  On August 5, 2009, approximately two weeks prior to the date his response to the motion to dismiss was due, Ruffin moved to amend the scheduling order, based upon the fact he had been transferred from one prison facility to another.  I denied the motion to amend the scheduling order wholesale, but I did indicate that specific deadlines could be addressed on an issue by issue basis.  (Aug. 18, 2009, Order, Doc. No. 32.)  Following up on that order, I entered an order granting Ruffin an extension of time to respond to the then pending motion to dismiss (Aug. 21, 2009, Order, Doc. No. 33) and cautioned him that if he failed to respond the motion would be granted.

On the same day I entered that order Ruffin filed a motion to amend his complaint.  (Mot. Am., Doc. No. 34.)   I granted Ruffin's motion to amend and reminded him that he needed to file an actual amended complaint.  (Sept. 14, 2009, Order, Doc. No. 39.)  I also granted Ruffin an extension of time to respond to the motion to dismiss and to address a discovery issue that had been raised.  (2d Sept, 14, 2009, Order, Doc. No. 40.)   On September 25, 2009, Ruffin followed up on his discovery request (Mot. Compel, Doc. No. 41), but he did not file a response to the motion to dismiss prior to (or since) the October 1, 2009, extended deadline.  On October 5, 2009, Ruffin did file what he labeled as an "amended complaint" (Am. Compl., Doc. No. 45) but

---

make it clear that it is Pease who has moved for dismissal. However, the docket is further confused by the parties listed as filing parties on the second motion to dismiss, which include David George and Fremont Anderson. Nothing in that now terminated second motion to dismiss extends the substantive motion to either George or Anderson and they remain as the sole defendants in this case if the court accepts this recommended decision.

this contains no additional factual allegations pertaining to any defendant. The amended complaint did expand Ruffin's prayer for relief to include requests for reimbursement of his filing fee and a claim for lost wages arising from his forced transfer from the prison and loss of the opportunity to work in the prison industrial program. I have included this lengthy procedural history in order to explain that Ruffin has actively litigated this case and knows, or should know, of his obligation to respond to motions and court orders. The court would be entirely justified in granting the motion to dismiss because of Ruffin's failure to respond. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 5 - 9 (1st Cir. 2002). Nevertheless, because the defendants' motion is clearly meritorious in its own right, I will explain the rationale for granting dismissal as to five of the defendants and as to all official capacity claims.

## The Allegations

The complaint allegations are set forth in a verified complaint in the form of a narrative rather than in numbered paragraphs. I will therefore reproduce that narrative in its entirety:

> On approximately 09-02-08 Sgt. Bruce Brann, an employee of the Maine Department of Corrections, did act with deliberate indifference by placing plaintiffs name, Daniel Ruffin, on a confidential report. That confidential document was the catalyst of a disciplinary action taken against inmate Jacob Hastings for fighting with inmate Antonio Burke.
>
> The release of that confidential document to the prisons general population by SGT. Branns deliberate indifference clearly violates the plaintiffs right to confidentiality as guaranteed by the 8th amendment. SGT. Brann also placed the plaintiff in a highly volatile and dangerous situation as the CONFIDENTIAL DOCUMENT portrayed the plaintiff as a secret informant to the entire Maine D.O.C. inmate population statewide.
>
> The information in this clearly shows why SGT. Bruce Brann is a defendant. Plaintiff has exhausted all available administrative remedies regarding the matter described in this complaint.
>
> On 9-13-2008 Plaintiff filed a grievance asking for a reasonable resolution, I was denied my grievance by the grievance review officer Capt. R.A. Pease.

> On 10-17-2008 I appealed Capt. R.A. Pease's decision and forwarded my appeal to the next 1evel, Chief administrative officer, Warden, Jeffrey Merril. My appeal was denied by Deputy warden Dwight Fowles.
> On 11-13-2008 I appealed deputy warden Dwight Fowles decision and forwarded my appeal to the 3rd and final level of the grievance process, Commissioner, Martin Magnussen.
> On 12-02-2008 Commissioner Magnussen denied my appeal, therefore exhausting all administrative remedies to my grievance. The entire grievance process involved responses from the following defendants.
> Commissioner Martin Magnussen;
> Warden Jeffrey Merrill;
> Deputy Warden Dwight Fowles;
> Capt. R.A. Pease.
>     Therefore their actions clearly show why they are defendants in plaintiffs complaint.
> On 9-09-08 Capt. David George summoned me to his office to discuss the events outlined in my complaint. Sgt. Bruce Brann arrived shortly after the meeting began. After lengthy discussions, a resolution could not be met. Capt. David George is the MSP disciplinary officer, and Ofc. Freermont Anderson is the disciplinary clerk. Because my name was placed on a confidential document which led to an investigation, which further led to an actual disciplinary write-up of inmate Jacob Hastings for fighting. AS Capt. George is the disciplinary officer and Ofc. Freemont Anderson is the disciplinary clerk, both were inadequately trained to review the CONFIDENTIAL document. They failed to recognize the confidentiality of Sgt. Bruce Brann's report and allowed the CONFIDENTIAL report to be released to the disciplined inmate, Jacob Hastings. The release of plaintiffs name on a confidential document to the discip1ined inmate (Hastings) obviously places plaintiff in a very dangerous and volatile situation, and further being labeled as a "prison informant." The same confidential document was also released to a prisoner advocate (who is also a general population inmate) who represented inmate Hastings during a disciplinary board hearing which was governed by Capt. George.

(Compl. at 3, Doc. No. 1; id Attach. at 1, Doc. No. 1-2.)

## Discussion

**Official Capacity Claims as to All Defendants**

A lawsuit against a state official in his or her "official capacity" is not a suit against the official at all, but rather is a suit against the official's office. As such, the lawsuit is in reality a suit against the State of Maine itself. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). It follows, therefore, that the claims brought under 42 U.S.C. § 1983 fail because a state and its

4

agencies are not "persons" within the meaning of that statute.  <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58, 71, (1989).   To the extent the claims are based directly on the United States Constitution, either by way of the Eighth or Fourteenth Amendment, they must fail because there has been no unequivocal abrogation of the State's Eleventh Amendment immunity.  <u>See</u> <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 55-56, (1996); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002).  Accordingly the official capacity claims against all defendants should be dismissed.

**Sgt. Bruce Brann**

According to the allegations in Ruffin's complaint, Sgt. Brann prepared a *confidential* report that identified Ruffin as the source of some information that was ultimately used in a disciplinary hearing against another inmate.  Nowhere in the complaint does Ruffin indicate that Brann ever released this confidential report to other inmates or to the general prison population.  Nor does Ruffin allege that Brann said anything malicious or untrue about him in the confidential report.  He states, in conclusory fashion, that Brann was deliberately indifferent to his "right to confidentially as guaranteed by the Eighth Amendment."  (Compl. Attach. at 1.)

Ruffin seriously misconstrues the Eighth Amendment in this context.  The United States Constitution guarantees a prisoner humane conditions of confinement, which includes a requirement that prison officials must take reasonable measures to guarantee the safety of inmates.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).   This duty includes an obligation to take reasonable measures to protect prisoners from violence at the hands of other prisoners.  <u>Cortes-Quinones v. Jimenez-Nettleship</u>, 842 F.2d 556, 558 (1st Cir. 1988).  However, there is no constitutional right to confidentiality enshrined in the Eighth Amendment.  If Brann wrote a confidential report for his superiors and included Ruffin's name within the report, he did not

violate any constitutional rights of the plaintiff.  Nor did his description of Ruffin's role in this incident have any indicia of deliberate indifference to Ruffin's constitutional rights, notwithstanding Ruffin's conclusory allegation to the contrary.  Brann is not alleged to have had any role in releasing this document to Hastings or any other inmate.  Ruffin lays the blame for that conduct squarely on Defendants Anderson and George, neither of whom has moved to dismiss the complaint.  The only plausible "deliberate indifference" to Ruffin's safety and welfare would have had to come from the release of the information, not the preparation of the report for internal prison purposes. Brann is entitled to dismissal of the complaint.

**The Grievance Process Defendants**

The other four defendants who have moved to dismiss, Magnusson, Merrill, Fowles, and Pease, have been sued only because of their roles in the prison's administrative grievance process.  Merrill is not even alleged to have had a role in processing this grievance, apparently having delegated that job to Deputy Warden Fowles.  I can identify no constitutional right that is violated by prison officials' refusal to accord a prisoner the remedies he seeks when he uses the prison grievance process.  The nature of this particular grievance did not relate to an ongoing violation, so these officers cannot be considered as having had knowledge of a harm of constitutional dimension and then allowing the circumstances giving rise to harm to continue. Ruffin's complaint concerned the one-time "leak" of a confidential report through the prison disciplinary process.  No facts are presented that would support a theory that these defendants were somehow involved in the violation of Ruffin's constitutional rights or authorized the "leak" or took any affirmative steps to place Ruffin in jeopardy.

In deciding this motion to dismiss, I accept as true the factual allegations of the complaint, draw all reasonable inferences in favor of a plaintiff that are supported by the factual

allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that depict the manner by which the defendants subjected the plaintiffs to a harm for which the law affords a remedy. Ashcroft v. Iqbal, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The factual allegations need not be elaborate, but they must be minimally sufficient to show that the plaintiff has a plausible entitlement to relief. Id.; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); see also Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Ruffin has not come near this plausibility standard in terms of his factual allegations relating to the defendants involved in the grievance process.

## Conclusion

Based upon the foregoing I recommend the court grant the motion to dismiss (Doc. No. 24) and dismiss so much of the complaint and the purported amended complaint as alleges an official capacity claim against any defendant and the personal capacity claims against Brann, Magnusson, Merrill, Fowles, and Pease because the complaint and the complaint as amended fail to state a claim as to those five individuals.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date  October 13, 2009