UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL O. RUFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 9-87-B-W |
| ) | |
| BRUCE BRANN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDED DECISION**

The plaintiff, Daniel O. Ruffin, has filed a tardy "Response to Motion for Summary Judgment" (Doc. No. 60) and a *fourth* motion to appoint counsel (Doc. No. 61). I have previously denied three motions to appoint counsel. (See Doc. Nos. 5, 23, & 31.)   The Court has not referred the current motion to appoint counsel to me and, therefore, I will not act upon it. However, the Court has "re-referred" to me the motion for summary judgment (Doc. No. 54) in order for me to reconsider my recommended decision in light of Ruffin's untimely response to the motion. (Ruffin's response, received after my recommended decision had issued, was more than two weeks tardy.)   There is nothing in Ruffin's additional filing that would remotely change my finding that the defendants did not act with deliberate indifference and did not violate Ruffin's Eighth Amendment rights.  I therefore reiterate my prior recommendation and recommend that these defendants' motion be granted.

**Discussion**

Since the court has "re-referred" the motion to me, I assume that I should put aside all the procedural deficiencies in this process and consider the merits of the submission, because there would be no reason for me to simply restate and affirm all the procedural objections raised by the

defendants[1] and conclude that the response should be disregarded.  I have therefore, of necessity, reconsidered my recommended decision in light of Ruffin's tardy response.  In essence, what Ruffin wants to do is resurrect his claim against Sergeant Brann, the author of the report that was supposed to have been accorded "confidential" treatment but was mistakenly released to another inmate without redacting Ruffin's name.  However, his original complaint did not claim that Brann had invented false information.  The original complaint described Brann's unconstitutional conduct as simply identifying Ruffin by name.  I recommended that Brann be dismissed from the action back in October, 2009 (Doc. No. 50) and this Court affirmed that recommendation on November 5, 2009.  I do not, in this re-recommendation, revisit that earlier recommendation, except to provide the necessary background.  The earlier recommendation, including the procedural background and the discussion of the merits of defendants' arguments, speaks for itself.

After that recommendation issued I held a telephonic discovery conference with Ruffin and the defendants' counsel on October 20, 2009, and explained to Ruffin that there was a recommended decision pending that would result in Brann being dismissed from the case.  He needed to file an objection to that recommendation if he did not agree with it, but at that point in time, I was limiting his discovery requests to those items pertaining to David George and Fremont Anderson, the two defendants who remained in the case.  They were allegedly responsible for causing the "harm," to wit, the release of the report to the other inmate.  (See Doc. No. 52.)  During this telephone conference for the first time I understood that Ruffin might want to litigate the truth or falsity of the information that Brann had included in his report, claiming that he had no knowledge at all about any altercation and Brann had filed a "false" report.  I told him, in essence, that horse had left the barn based upon his complaint, his amended complaint, and my recommendation on the motion to dismiss.  His remedy was to file his objection to that recommended decision.  The court heard

---

[1]     They are, of course, correct about the failure to comply with the Local Rules and the tardiness of the response.

2

nothing further from Ruffin until he filed this tardy response to Anderson and George's motion for summary judgment.

In both the earlier recommended decision on the motion to dismiss and the recommended decision on this motion for summary judgment, I discuss at length the applicable law.  I do not intend to repeat that recitation here.  Suffice it to say, the response and exhibits filed by Ruffin on December 29, 2009, do not change any of the facts that pertain to my analysis of his claim against Anderson and George, even if those facts were incorporated into the summary judgment record.  Anderson probably should not have released the report to the other inmate without redacting Ruffin's name.  He did so because he was new on the job and perhaps had not received adequate training.  When George learned of the incident, he investigated, took steps to insure that it did not happen again, and made inquiry about Ruffin's safety in the institution.  There was no deliberate indifference amounting to a constitutional violation and Ruffin has not suffered any physical injuries as a result of these events.  Ruffin's "good name" may be tarnished within the prison walls, but that fact is simply not actionable as a constitutional violation.

## Conclusion

I continue to recommend that the court grant the motion for summary judgment.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 13, 2010