UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL O. RUFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV-09-87-B-W |
| BRUCE BRANN, et al. | ) ) ) |
| Defendant. | ) |

**ORDER DENYING FOURTH MOTION FOR APPOINTMENT OF COUNSEL**

On January 8, 2010, Daniel O. Ruffin acting pro se filed a fourth motion for appointment of counsel, requesting that the Court appoint a lawyer to represent him in his pending prisoner civil rights action. *Pl.'s Mot. for Appointment of Counsel* (Docket # 61). Mr. Ruffin previously filed motions for appointment of counsel on March 25, 2009, June 10, 2009, and August 14, 2009. *Pl.'s Mot. for Appointment of Counsel* (Docket # 4); *Pl.'s Mot. for Appointment of Counsel* (Docket # 22); *Pl.'s Mot. for Appointment of Counsel* (Docket # 30). Each time the Magistrate Judge denied the motion. *Order* (Docket # 5); *Order* (Docket # 23); *Order* (Docket # 31). In each Order, the Magistrate Judge informed Mr. Ruffin that there is no constitutional right to counsel in a civil case, and extraordinary circumstances warranting appointment of counsel do not exist.

Regarding Mr. Ruffin's pending motion for appointment of counsel, the Court can do little more than repeat what the Magistrate Judge has already said, but it may assist Mr. Ruffin to know the basis of these rulings in some further detail. The First Circuit has written that "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *see Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981).

Appointment of counsel is restricted to "exceptional circumstances . . . such that a denial of counsel [is] likely to result in a fundamental unfairness impinging on [the plaintiff's] due process rights." *DesRosiers*, 949 F.2d at 23; *Bemis v. Kelley*, 857 F.2d 14, 15 (1st Cir. 1988). This case does not represent one of the rare occasions within the meaning of *DesRosiers*. Further, the underlying facts and law in Mr. Ruffin's case are not so difficult that he has been unduly handicapped by self-representation. *DesRosiers*, 949 F.2d at 24.

There is a statutory provision that empowers the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But, the Court has no authority to require representation. *Mallard v. U. S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 296-97 (1989). Moreover, as Judge Hornby pointed out, "there are no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

The Court reminds Mr. Ruffin that repetition does not make his motions for a free lawyer any more meritorious. With this additional explanation, the Court DENIES Daniel O. Ruffin's fourth motion for appointment of counsel (Docket # 61).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2010